This is an appeal from a decree of divorce in favor of plaintiff, appellant herein, and from an entry overruling the motion for a new trial by the Court of Common Pleas, division of domestic relations, Butler County, Ohio. Herein, the parties will be referred to as they appeared in the trial court.
The plaintiff, Barbara S. DeBord, filed her complaint seeking a divorce, the custody of her three children, alimony and support for such children, on the grounds of gross neglect and extreme cruelty. The defendant, Ronald G. DeBord, filed an answer and a cross-claim in which he denied the allegations of plaintiff and sought a divorce on grounds of gross neglect of duty.
When this cause came on for trial on November 9, 1970, defendant withdrew his cross-claim and admitted the allegations of plaintiff's complaint in relation to gross neglect of duty and extreme cruelty.
After three witnesses had testified in relation to support and custody of the children involved and alimony, counsel for plaintiff advised the court there would be one more witness; that this witness was Doctor C. Donald Stevens, a psychiatrist, who would testify concerning the health of the plaintiff; and that Dr. Stevens was ill but would be available "any time this week." Thereupon, counsel for the defendant stated the following: "we would have no objection if you (the court) call him on the telephone and talk to him personally." At this time, the court stated: "If that is agreeable, it would probably save some expense."
Counsel for plaintiff then advised the court: "He (Dr. Stevens) had intended to be here and I received a call that *Page 263 
he is home sick," to which counsel for defendant replied, "We will stipulate anything he relates to your honor."
After the colloquy between the court and counsel, the following statement appears in the transcript of the evidence: "And thereupon, the plaintiff having rested her case, the defendant, to maintain the issues on his part, offered and which was received, the following testimony and evidence."
Thereafter, the defendant testified, and the court asked counsel, "Anything further?" to which counsel for the parties addressed the court as follows:
"Mr. Grevey: If your honor please, and with Mr. Holcomb's agreement, I want to contact Dr. Stevens and have him call the court. Is that the agreement?"
"Mr. Holcomb: That is fine."
"By the Court: Subject to whatever Dr. Stevens would say, we will take the matter under advisement."
On November 25, 1970, the court wrote an opinion, which appears in the record, in which it granted a divorce to the plaintiff, determined the custody and support of the children, made a finding as to alimony to be paid to the plaintiff, and established a disposition of property and attorney fees.
On December 7, 1970, the court signed a "Judgment Entry and Divorce Decree" in keeping with its opinion, which was duly journalized.
It is evident from the affidavit signed by the trial judge that there was no communication had by the court with Dr. Stevens before the divorce decree was signed.
It is upon this state of the record that this appeal is taken.
Counsel for plaintiff presents three assignments of error:
"(I) The irregularity in the proceedings of the court by which she was prevented from having a fair trial; (II) Final order, judgment and decree is not sustained by sufficient evidence; and (III) That the final order, judgment and decree is contrary to law."
In assignment of error number one, plaintiff raises the *Page 264 
question of whether the trial court was in error when it rendered a judgment without hearing or considering all the evidence plaintiff desired to submit.
The plaintiff presented evidence that she had received a serious injury which affected her memory; that she is under the care of a psychiatrist; and, that she is unemployable by reason of her disability. Such disability made it necessary that the trial court hear the testimony of her attending physician to determine the relation of her disability to alimony, if any, to be paid by defendant.
It is most unusual and highly irregular for a court to assume the interrogation of a witness in the absence of counsel for the parties when testimony of that witness may have a direct relationship to the judgment to be rendered by that court.
In the instant case, each of the parties were entitled to the privilege of direct and cross examination of available witnesses. Regardless of the fact that trial counsel for the parties may have stipulated that the trial court was privileged to communicate with a witness, his failure to so communicate deprived the plaintiff of proof of a most important segment of her claim.
We conclude the plaintiff did not have a full and reasonable hearing by the court and for this reason the first assignment of error is well taken.
The second and third assignments of error are well taken for the reasons expressed on the first assignment of error.
For the reasons given herein, the judgment and decree of the trial court is reversed and the cause is remanded to the Court of Common Pleas for a complete trial according to law.
Judgment reversed and cause remanded.
YOUNG and SHANNON, JJ., concur.
 *Page 1